IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EMILIO JOSÉ SOTO MALDONADO, | |
| **Petitioner,** | **Civil No.** 19-2000 (FAB) |
| **v.** | related to |
| UNITED STATES OF AMERICA, | **Criminal No.** 17-167 (FAB) |
| **Respondent.** | |

**OPINION AND ORDER**

**BESOSA, Senior District Judge.**

Before the Court is Emilio José Soto-Maldonado's ("Petitioner" or "Soto-Maldonado") *pro se* motion to vacate, set aside, or correct his sentence in Criminal Case No. 17-167 (FAB) pursuant to Title 28, United Sates Code, section 2255 ("section 2255"), (Civil Docket No. 1) and the Government's Response (Civil Docket No. 7).

After the filing of the government's response, Petitioner, through counsel filed a motion to amend or correct his motion (Civil Docket No. 10). The government opposed Petitioner's attempt to amend this motion (Civil Docket No. 12). Petitioner, again through counsel, replied (Civil Docket No. 13). Soto-Maldonado, through counsel, filed a second motion to amend the original 2255 motion (Civil Docket No. 14). The government filed its opposition

to that motion (Civil Docket No. 22).  All motions are currently before the Court.

For the reasons set forth below, the Court dismisses with prejudice Petitioner's original motion to vacate his sentence as well as well as both motions to amend it (Civil Docket Nos. 1, 10 and 14).

## I.   BACKGROUND

On February 7, 2018, a grand jury returned a five count second superseding indictment in Criminal Case No. 17-167 (FAB).  Soto-Maldonado, along with other defendants, was charged in Counts Three and Four.  Count Three charged that Soto-Maldonado and others, all aiding and abetting each other, did knowingly and unlawfully rob El Económico Supermarket, and obstructed, delayed and affected commerce and the movement of articles and commodities in commerce, in violation of Title 18, United States Code, §§ 1951 and 2.  Count Four charged Soto-Maldonado and others, all aiding and  abetting each other, with knowingly carrying, using, and brandishing a firearm during and in relation to the robbery of El Económico Supermarket in violation of Title 18, United States Code, §§ 924(c)(1)(A)(ii) and 2 (Criminal Docket No. 65).

On June 7, 2018, Petitioner entered into a plea agreement with the government, and pled guilty to Counts Three and Four of the Second Superseding Indictment.  As part of the negotiated Plea

Agreement Soto-Maldonado pled guilty to Count Four without the
brandishing enhancement as a lesser-included offense.  Title 18,
United States Code, § 924(c)(1)(A)(i).   This allowed for a
statutory minimum imprisonment term of five (5) years as opposed
to the seven (7)- year-minimum sentence that would have applied to
Count Four as charged in the Second Superseding Indictment.  As
part of the Plea Agreement, the parties also agreed to recommend
a term of imprisonment of two (2) years as to Count Three and a
term of imprisonment between five (5) and seven (7) years as to
Count Four, to be served consecutively to each other, for a total
term of imprisonment of between seven (7) and nine (9) years
(Criminal Docket Nos. 102 and 103).

On October 5, 2018, the Court sentenced Soto-Maldonado to a
term of imprisonment of twenty-four (24) months as to Count Three
and seventy-two (72) months as to Count Four, to be served
consecutively to each other, for a total imprisonment term of
ninety-six (96) months, eight (8) years, as well as a term of
supervised release of five (5) years (Criminal Docket No. 162).
Judgment was entered on the same day and Petitioner never appealed
his conviction or sentence (Criminal Docket No. 163).

On October 4, 2019, Soto-Maldonado signed and certified that
he placed in the prison mail system his 2255 petition; therefore
it was timely filed.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a). "[T]he statute provides for post-conviction relief in four instances, namely, if the Petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)).  Claims that do not allege constitutional or jurisdictional errors are properly brought under section 2255 only if the claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure."  Id.

A motion filed pursuant to section 2255 is not a substitute for a direct appeal.  Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016).  As a result, "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." Id. (citations omitted).  Moreover, "[c]ollateral relief in a § 2255 proceeding

is generally unavailable if the Petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted).  If a section 2255 Petitioner does not raise a claim on direct appeal, that claim is barred from judicial review unless Petitioner can demonstrate both (1) cause for the procedural default and (2) actual prejudice resulting from the error asserted. Id., United States v. Frady, 456 U.S. 152, 167-68 (1982).

## III. DISCUSSION

There are two preliminary matters, the two motions to amend Petitioner's original 2255 filing.  The Court will address these before entering into the substance of Soto-Maldonado's original 2255 filing.

Soto-Maldonado signed his original pleading on October 4, 2019, as a *pro-se* litigant (Civil Docket No. 1).

On May 3, 2022, Soto-Maldonado filed a First Motion to Amend his original 2255 petition (Civil Docket No. 10).  This motion was filed by counsel Julio César Alejandro-Serrano, who entered his appearance by filing the motion to amend.  Mr. Alejandro is also Petitioner's court-appointed counsel in a separate non-related criminal case, Criminal No. 19-075 (RAM), currently pending in this district before Chief Judge Arias-Marxuach.

In this first request for amendment, counsel sets forth, for the first time, an argument related to the Supreme Court's ruling in <u>United States v. Davis</u>, 139 S.Ct. 2319 (2019) and its applicability to Soto-Maldonado's plea of guilty and subsequent conviction.

The government filed its opposition to this requested amendment (Civil Docket No. 12), to which Petitioner, again through Mr. Alejandro, filed a reply in which counsel indicating that "the matter left unresolved in <u>Davis</u>, whether the Hobbs Act could be considered as a predicate offense under the force clause of section 924 (c) is currently pending before the Court in <u>US v. Taylor</u>, 20-1495, in which oral argument was held on December 7, 2021." (Civil Docket No. 13 at p. 2).

On June 15, 2022, Mr. Alejandro filed a second motion on Petitioner's behalf to amend the original 2255 motion.  In this second motion counsel raised for the first time a completely new argument alleging that certain FBI interview reports related to Petitioner were not disclosed as part of the discovery in Criminal Case No. 17-167 (FAB) and were only discovered as part of the discovery in Soto-Maldonado's other Criminal Case No. 19-075 (RAM), in which Mr. Alejandro is Petitioner's court-appointed counsel (Civil Docket No. 14).  The government filed an opposition to this second amendment (Civil Docket No. 22).

Both claims raised for the first time in separate motions to amend Petitioner's original filing fall outside the scope of the one (1) year statute of limitations for 2255 filings.  The issue then is whether these two additional claims presented by Soto-Maldonado relate back to his original claim of ineffective assistance of counsel, and are therefore not time barred and may be considered by the court.

Federal Rule of Civil Procedure 15 governs amendments to *habeas corpus* petitions in a section 2255 proceeding, <u>United States v. Ciampi</u>, 419 F.3d 20 (1st Cir. 2005).  Otherwise untimely pleading amendments may be permitted to "relate back" to the date of the timely filed original pleading, provided the claim asserted in the amended plea arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Fed. R. Civ. P. 15(c)(2).

In the *habeas corpus* context, the Rule 15 "relation back provision" is strictly construed, in light of "Congress' decision to expedite collateral attacks by placing stringent time restrictions on them."  <u>Ciampi</u> at 23 citing <u>United States v. Espinoza-Sáenz</u>, 235 F.3d 501, 505 (10th Cir. 2000).  Accordingly, amended *habeas corpus* claims generally must arise from the "same core facts," and not depend upon events which are separate both in

Civil No. 19-2000 (FAB)                                          8

time and type from the events upon which the original claims
depended.  Mayle v. Felix, 545 US 644 (2005).

"The Court need not, however, permit a motion to amend when
the proposed amendment would be futile or reward undue delay."
United States v. Goodwyn, 797 F.Supp.2d 177, 180 (D. Mass. 2011).
Both allegations brought as amendments do not relate back to
Petitioner's original one paragraph 2255 claim.  Even if they were
to relate back, they would be deemed timely but neither would
prosper.

Soto-Maldonado's belief that Davis applies to him is
mistaken.  The Hobbs Act robbery offense to which Petitioner pled
guilty (Count Three) classifies as a crime of violence by the
section 924(c)(3)(A) force clause which was unaffected by the
Supreme Court's ruling in Davis.  It is settled law in the first
circuit that Hobbs Act robbery categorically constitutes a crime
of violence, United States v. García-Ortiz, 904 F.3d 102,109 (1st
Cir. 2018), and most recently in United States v. Torres-Correa,
23 F. 4th 129, 133 (1st Cir. 2022).

Petitioner also based his new Hobbs Act allegation on the
proposition that the Court had to wait the outcome of the pending
Supreme Court case of United States v. Taylor, 142 S.Ct. 2015
(2022).  In Taylor, the Supreme Court ruled that an attempted Hobbs
Act robbery was not categorically a crime of violence pursuant to

the section 924(c)(3)(B) force clause.  <u>Taylor</u> does not apply, however, to the facts surrounding Soto-Maldonado's conviction. Petitioner was neither charged nor did he plead guilty to an attempted Hobbs Act robbery.  As clearly documented by the record in Criminal Case No. 17-167 (FAB), Soto-Maldonado was charged in Count Three and pled guilty to a completed Hobbs Act robbery, not an attempt.  The robbery was successful, and Soto-Maldonado and his defendants robbed El Económico Supermarket of both cash and merchandise.  The Supreme Court's ruling in <u>Taylor</u> clearly stated that an attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of the statutory definition of crime of violence, as predicate for felony conviction and enhanced sentence for using a firearm in furtherance of a crime of violence. As the Court held, "whatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause." <u>Taylor</u> at 2020.  Even if Soto-Maldonado's newly raised argument as to the applicability of <u>Taylor</u> to his conviction related back to his original 2255 petition which it clearly does not, it would still not prosper because his conviction, unlike that in <u>Taylor</u>, was for a completed Hobbs Act robbery and not an attempted robbery.  Petitioner's first request to amend his petition is **DENIED**.

Petitioner's second motion to amend his original 2255 petition is based on the premise that Mr. Alejandro, who is his counsel in criminal case 19-075 (RAM), received, as part of the discovery in that case, documents that allegedly were related to Criminal Case No. 17-167 (FAB), the basis for Petitioner's 2255 motion. The documents in question are FBI reports documenting interviews with the Petitioner. In its reply to this new allegation, the government clearly indicates that there is only one report that contains statements relevant to the armed robberies charged in Criminal Case No. 17-167 (FAB). Contrary to Soto-Maldonado's allegations, the government disclosed that report to Soto-Maldonado's attorney in December 2017, roughly six months prior to the date Soto-Maldonado pled guilty. The record in Criminal Case No. 17-167 (FAB) corroborates that the government disclosed a copy of the report to Soto-Maldonado prior to his conviction and sentence in Criminal Case No. 17-167 (FAB). (See Docket No. 14-4.) In fact, Soto-Maldonado attached a copy of that report as an exhibit to his sentencing memorandum in Criminal Case No. 17-167 on September 11, 2018 (Criminal Docket No. 152-1).

Even if Petitioner's allegation in his second motion to amend his original 2255 motion related back to his original petition, which it does not, it is completely contradicted by the record, and is **DENIED**.

The Court is left with the original allegations of ineffective assistance of counsel, as filed in Petitioner's original 2255 motion. (Civil Docket No. 1.) Soto-Maldonado's argument that his counsel's assistance was ineffective consists of one paragraph containing a series of self-serving statements that the record does not support; they demonstrate neither deficient performance nor prejudice.

To establish ineffective assistance of counsel, a defendant must show that:

1.  His attorney's performance was deficient, and

2.  The deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

To establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688. Pursuant to Strickland, counsel is presumed to have acted within the range of "reasonable professional assistance;" the defendant bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.  This assessment, however, "must be a 'fairly tolerant' one because 'the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or successful defense.'" Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994).

Petitioner was obligated to show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it, Strickland, 466 U.S. at 687, see also López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990), as to each particular instance in which he claims ineffective assistance of counsel.  Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992).  The "range of reasonable professional assistance" is quite wide.  See Strickland, 466 U.S. at 689.  As the Supreme Court has held, "judicial scrutiny of counsel's performance must be highly deferential." See Strickland, 466 U.S. at 689.

Pursuant to Strickland, Petitioner must identify acts or omissions by counsel that are outside the wide range of professional competent assistance, and the harm those actions

caused.  Furthermore, "a defendant's failure to satisfy one prong
of the Strickland analysis obviates the need for a court to
consider the remaining prong." Moreno-Espada v. United States,
666 F.3d 60, 64 (1st Cir. 2012) (quoting Tevlin v. Spencer, 621
F.3d 59, 66 (1st Cir. 2010).

Petitioner has failed to comply with the Strickland two-part
test. See Hill v. Lockhart, 474 U.S. 52 (1985). Soto-Maldonado
does not provide the Court with any evidence or reference to the
record that would allow the Court to determine that his counsel
was ineffective.

In his original motion, Soto-Maldonado makes a one-paragraph
allegation claiming that his attorney allegedly ignored him, gave
him "very little details regarding the evidence against him," only
visited him three or four times, and did not investigate or file
purported defenses that Soto-Maldonado requested (Civil Docket
No. 1).

These allegations are contradicted by Soto-Maldonado's own
representations made under oath during his change of plea hearing.
At the hearing, Petitioner acknowledged that he was satisfied with
his counsel and her representation; agreed with the proffered
evidence against him; and that he had prior knowledge of the
robbery and wished to plead guilty (Civil Docket No. 197).

Petitioner cannot now turn his back on his own representations to the court.   In United States v. Parrilla-Tirado, 22 F.3d 368, 373 (1st Cir. 1994) the Court stated:   "We will not permit a defendant to turn his back on his own representations to the court merely because it would suit his convenience to do so." "Ordinarily, a defendant is stuck with the representations that he himself makes in open court at the time of the plea.   They are more likely to be reliable than later versions prompted by second thoughts, and guilty pleas often in the defendant's interest could hardly be managed any other way."   United States v. Parrilla-Galarza, 351 F.3d 594, 598 (1st Cir. 2003); see also United States v. Rivera-González, 626 F.3d 639, 643 (1st Cir. 2010), United States v. Torres-Rosado, 447 F.3d 61, 67 (1st Cir. 2006).

Petitioner's one liner that his defense counsel did not suppress incriminating statements he gave to the FBI is contradicted by the record.   Soto-Maldonado claims the statements were obtained without the FBI providing him with his Miranda warnings prior to the interview.   Defense counsel proffered at sentencing in open court, in the presence of Soto-Maldonado himself, that at the time of the FBI interview Petitioner was a confidential human source for the FBI and that he provided information regarding criminal activities in the Humacao area, including the robbery of El Económico Supermarket (Criminal Docket

No. 198 at p. 3).  As a confidential human source, Petitioner was
not under arrest or charged with a crime, and no <u>Miranda</u> rights
warning was necessary.  His counsel cannot be deemed ineffective
for her failure to raise a meritless allegation during the criminal
case.

Finally, Soto-Maldonado claims that his attorney did not
visit him at the jail sufficient times prior to the culmination of
his case.  Curiously, this same allegation as well as those related
to the lack of knowledge of the discovery have been raised by Soto-
Maldonado against his court-appointed counsel in his pending
Criminal Case No. 19-0075 (RAM) (Criminal Docket No. 735-1 in
Criminal Case No. 19-0075 (RAM)).

Soto-Maldonado was represented by a very experienced attorney
who has practiced for many years before this Court.  The record in
Criminal Case No. 17-167 (FAB) leaves no doubt that attorney Lydia
Lizarríbar preformed her duties as defense counsel expeditiously
and diligently.  She secured a Plea Agreement that provided
substantial benefits by way of reducing Petitioner's term of
incarceration, and argued diligently on Soto-Maldonado's behalf at
the sentencing hearing.  There is no indication to the contrary.
Her actions and conduct as defense counsel were in no way
ineffective.  Accordingly, Petitioner's claims in his
original 2255 petition for relief (Civil Docket No. 1) are **DENIED.**

Civil No. 19-2000 (FAB)                                                      16

**IV.   CONCLUSION**

For the reasons stated, Petitioner Emilio José Soto-Maldonado's motion under 28 U.S.C. § 2255 and subsequent motions related to it (Civil Docket Nos. 1, 10 and 14) are **DENIED.** This case is **DISMISSED with prejudice.**   Judgment shall be entered accordingly.  This case is now closed for administrative purposes.

**V.   CERTIFICATE OF APPEALABILTY**

No certificate of appealability shall issue in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 10, 2023.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE